UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANCESCO GUELE,

Plaintiff,

v. Case No.: 6:26-cv-00145-NWH

COMMISSIONER OF SOCIAL SECURITY,

Defendant,
_________________________________/

**ORDER**

This matter is before the Court on Plaintiff's Unopposed Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (the "Motion") (Doc. 15). Specifically, Plaintiff requests a fee award of $6,632.88, and costs in the amount of $405.00 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (hereinafter, the "EAJA"). The Commissioner does not oppose this request. (Doc. 15 at 3). Upon review, the Motion is due to be granted.

**I. Background**

Plaintiff initiated this action on January 1, 2026, after a final decision of the Commissioner denying his claim for Social Security Disability benefits. (Doc. 1). In his Brief, filed on April 21, 2026, Plaintiff argued that the ALJ erred in denying benefits on two grounds. (Doc. 8 at 4). On June 25, 2026, the Parties filed a joint motion to remand the matter. (Doc. 11). The Court granted the motion and remanded the matter pursuant to sentence four of 42 U.S.C. § 405(g), (Doc. 12), and judgment was entered

in favor of the Plaintiff, (Doc. 13). Plaintiff now seeks an award of fees under the EAJA. (Doc. 15, filed September 8, 2026).

## II. DISCUSSION

### a. Eligibility for an Award of Fees

In ruling on a request for fees pursuant to the EAJA, a court must determine whether: (1) the requesting party is eligible for fees and (2) the amount of requested fees is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A claimant is eligible for an attorney's fees award where: (1) the claimant is the prevailing party in a non-tort suit involving the United States; (2) the government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million when the complaint was filed; and (5) there are no special circumstances that would make the award of fees unjust. 28 U.S.C. § 2412(d). The fee award must also be reasonable. *Schoenfeld v. Berryhill*, No. 8:17-cv-407-T-AAS, 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018) (citing 28 U.S.C. § 2412(d)(2)(A)).

A social security plaintiff is deemed to have prevailed against the United States if the court orders a "sentence four"[1] remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). The application for attorney's fees is timely if it is made within thirty days of the final judgment in the action; however, premature requests are also deemed

[1] A "sentence four" remand refers to the fourth sentence of 42 U.S.C. § 405(g). Sentence four authorizes the Court to enter a "judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

timely. 28 U.S.C. § 2412(d)(1)(B); *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). The deadline begins to "run[] from the end of the period for appeal," which is sixty days for the Commissioner. *Shalala*, 509 U.S. at 303; Fed. R. App. P. 4(a)(1)(B)(iii) (stating that in a civil case where one of the parties is a United States officer or employee sued in an official capacity, any party may file a notice of appeal within 60 days after entry of the judgment). The request must contain an allegation that the Commissioner's position was not substantially justified. *Jean*, 496 U.S. at 160.

As with any petition for fees, the Court must always apply its own expertise and judgment, regardless of whether the requested fee amount is contested. *See Winkler v. Cach, LLC*, No. 8:11-cv-2358-T-24AEP, 2012 WL 2568135, at *1 (M.D. Fla. July 2, 2012). An EAJA award is to the party and therefore subject to an offset to satisfy any outstanding debt that the party owes to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

Plaintiff has satisfied the five requirements that determine a claimant's eligibility for attorney's fees pursuant to the EAJA. Plaintiff is deemed to have prevailed since the Court entered a sentence four remand. (Doc. 12). Further, the request for fees was timely since it was filed within 30 days from entry of the final judgment after the period for appeal had expired. (Docs. 13 and 15); *see Cruz v. Berryhill*, 347 F. Supp. 3d 1199, 1203 (S.D. Fla. 2018). Additionally, Plaintiff avers that his net worth was less than two million dollars at the filing of the complaint and that the Commissioner's position

was not substantially justified.[2] (Docs. 15 at 5, 15-1 at 8). Further, the Court is not aware of any special circumstances that would make an award of fees unjust. Since Plaintiff is eligible for an award of fees, the remaining issue is whether the requested amount of fees is reasonable.

**b. Reasonableness of the Fee**

EAJA fees are determined by using the "lodestar" method—the number of hours reasonably expended multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd* 496 U.S. 154 (1990). The EAJA requires that the amount of attorney's fees be "reasonable," which is determined by the "prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). However, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* The party requesting fees has the burden of demonstrating the reasonableness of the fee and the number of hours expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988); *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). The requesting party may also include the number of hours it took to prepare the EAJA request in its request for fees. *Jean*, 863 F.2d at 779–80.

[2] Since the Commissioner has not objected to the Motion, the Court accepts the Plaintiff's representations.

Courts use a two-step analysis when determining the appropriate hourly rate under the EAJA. *Meyer v. Sullivan*, 958 F. 2d 1029, 1033–34 (11th Cir. 1992). First, a court determines the market rate for similar services provided by lawyers of "comparable skill[ ], experience, and reputation" in the area. *Id.* at 1034. Second, the court evaluates the cost of living increase, specifically at the time the work was performed and not at the time when the motion was filed. *Id.*; *see also Bey v. Comm'r of Soc. Sec.*, No. 3:18-cv-319-J-PDB, 2019 WL 4221716, at *2 (M.D. Fla. Sept. 5, 2019) (citing *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997)). The court is considered an "expert" on the reasonable rates and may use its independent judgment in evaluating whether the hourly rate is reasonable. *Norman*, 836 F.2d at 1303 (citing *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)); *see also Kirkendall v. Comm'r of Soc. Sec.*, No. 3:17-cv-880-J-PDB, 2019 WL 913282, at *2 (M.D. Fla. Feb. 25, 2019). Courts in this District routinely calculate cost of living adjustments under the EAJA using the United States Department of Labor's Consumer Price Index ("CPI"). *See Wilborn v. Comm'r of Soc. Sec.*, No. 8:11-cv-2249-T-30MAP, 2013 WL 1760259, *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. 2009).

Plaintiff seeks an EAJA award for 23.3 hours of attorney time incurred in this case by Attorney Jason Quick, at the rate of $263.75 per hour for a total of $6,145.38. (Doc. 15 at 2). After reviewing a description of the activities performed in relation to this matter, the Court determines that the hours expended are reasonable in this case. The majority of the attorney time was spent reviewing the transcript and drafting the

Plaintiff's Brief. (Doc. 15-1 at 6). None of the activities appear to be clerical, secretarial, or excludable as unnecessary.

Plaintiff requests a rate of $263.75 per hour based on a calculation using the CPI for the active months of this litigation. (Doc. 22 at 4-5). Courts in this district have found that using the CPI for the Southern region of the United States most accurately reflects the increase in the cost of living in the Orlando area. *See e.g., Kurdy v. Commissioner,* No. 6:20-cv-2156-CEM-EJK, slip op. Doc. 43 at 5-6 (M.D. Fla. Aug. 23, 2022); *Zapata-Reyes v. Commissioner*, No. 6:18-cv-976-PGB-EJK, slip op. Doc. 29 at 5–6 (M.D. Fla. Oct. 4, 2019); *Alzamora v. Commissioner*, No. 6:18-cv-618-CEM-EJK, slip op. Doc. 28 at 5–6 (M.D. Fla. Oct. 4, 2019). Although the hourly rate requested by the Plaintiff here is slightly higher than the adjusted rate based on inflation alone in the Southern region, the Court finds that the additional amount is justified given the representations of the Plaintiff in the Motion. Further, the Commissioner does not oppose this fee amount.

Plaintiff also seeks an EAJA award for 6.5 hours of work performed by four paralegals at a rate of $75.00 per hour, for a total of $487.50. (Doc. 15 at 2). Although paralegal fees are compensable for work traditionally done by an attorney, *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988), "[t]asks of a clerical nature are not compensable as attorney's fees." *Ramirez v. Rosalia's Inc.,* No. 20-cv-23270-DAMIAN, 2023 WL 3930726, at *5 (S.D. Fla. June 9, 2023) (citations omitted); *see also Apple Glen Invs., L.P. v. Express Scripts, Inc.,* No. 8:14-cv-1527-T-33TGW, 2018 WL 2945629, at *6 (M.D. Fla. May 25, 2018), *report and recommendation adopted,* 2018 WL 2937469 (M.D.

Fla. June 11, 2018). "Examples of clerical work include scheduling, filing, and preparing trial binders." *Ramirez*, 2023 WL 3930726, at *5 (collecting cases); *see Apple Glen Invs., L.P.,* 2018 WL 2945629 at *6.

Most of the billable entries for the paralegals here appear to be non-compensable clerical work, including downloading and printing decisions for attorney review, opening a client file and creating a digital case folder, updating case tracking system with court filing date, entering time for attorneys and paralegals, and compiling documents for the EAJA motion. (Doc. 15-1 at 6). Only three of the entries are compensable: 1.5 hours for "[p]reparation of civil complaint and cover sheet," 1.5 hours for "[p]repar[ing] EAJA Motion," and .5 hours for "[p]erformed Treasury Offset Program (TOP) debt investigation." (*Id.*).

Paralegal fees are compensable at prevailing market rates for paralegals, *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008), for work traditionally done by an attorney, *Jean*, 863 F.2d at 778. Based on the representations in the Motion and attachments, the undersigned finds that a rate of $75.00 is reasonable—and the Commissioner does not object to the requested rates. As such, Plaintiff is entitled to $262.50 in paralegal fees for 3.5 hours of compensable time.

Plaintiff also seeks reimbursement of the filing fee cost in the amount of $405.00. The EAJA provides for the award of costs to a prevailing party, limited to a reimbursement for the costs incurred, including the filing fee. 28 U.S.C. § 2412(a)(1). Therefore, Plaintiff is entitled to $405.00 in costs.

## III. Conclusion

Accordingly, it is hereby **ORDERED** that Plaintiff's Unopposed Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 15) is **GRANTED**. Plaintiff is awarded fees in the amount of **$6,407.88** and costs in the amount of **$405.00**. If the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government, the Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel, *see* Doc. 15-1 at 2-3.

**DONE** and **ORDERED** in Orlando, Florida, on September 28, 2026.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record